# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| EMANUEL JAVAN ORTIZ | § | |
| | § | |
| V. | § | A-17-CV-0024-RP |
| | § | |
| LORIE DAVIS | § | |

## ORDER

Petitioner is represented by counsel in this matter and has paid the full filing fee for this case. Before the Court are Petitioner's Application for Writ of Habeas Corpus For a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry "DE" 1), Respondent's Answer (DE 5), and Petitioner's Reply (DE 7). For the reasons set forth below, Petitioner's Application for Writ of Habeas Corpus is **denied**.

## STATEMENT OF THE CASE

Respondent has custody of Petitioner pursuant to judgments and sentences entered by the 452nd District Court of Kimble County, Texas. Petitioner pleaded guilty to aggravated kidnapping and aggravated assault and was sentenced to respective concurrent terms of 35 years and 20 years' imprisonment. Petitioner asserts he is entitled to federal habeas relief because there was insufficient evidence supporting his convictions, because he was denied his rights to due process of law and a fair trial, and because he was denied his right to the effective assistance of counsel.

## BACKGROUND

### A.  Factual Background

A Kimble County grand jury indictment returned December 16, 2014, charged Petitioner with committing four crimes against Leah Ortiz, Petitioner's wife, on April 28, 2013. (DE 6-2 at 16-17; DE 6-3 at 12-14). The indictment alleged two counts of aggravated sexual assault (counts 1 and 2),

one count of aggravated kidnapping (count 3), and one count of aggravated assault with a deadly weapon, i.e., Petitioner's hands or feet (count 4). *Id.*

Petitioner was represented by appointed counsel in his criminal proceedings. (DE 6-3 at 7). The case was transferred to Mason County for trial. (DE 6-3 at 8). A jury was selected on September 21, 2015. (DE 6-3 at 9). On September 23, 2015, Petitioner reached a plea bargain agreement with the State as to counts three and four of the indictment. (DE 6-3 at 44-47). Pursuant to the plea agreement, Petitioner waived his right to a jury trial, (DE 6-3 at 16, 19, 22, 32), and waived his right to file a motion for new trial or notice of appeal from either conviction. (DE 6-3 at 17-18, 20-21, 30-31, 40-41). Petitioner waived his right to call and confront witnesses, consented to the introduction of evidence sufficient to support his conviction, and admitted in writing that he had committed the offenses alleged in counts 3 and 4 of the indictment. (DE 6-3 at 23-24, 33-34, 45-46). Petitioner averred in the written plea agreement that he was knowingly waiving his trial rights, that he fully understood the consequences of his pleas, that he had consulted with his attorney and that he was satisfied with his attorney's representation, and that he was freely, knowingly, and voluntarily entering the guilty pleas. (DE 6-3 at 45-46)

The State dismissed counts 1 and 2 of the indictment. (DE 1 at 6; DE 6-3 at 62-63). The trial court entered judgments of conviction and sentenced Petitioner, in accordance with his plea agreement, to a term of 35 years' imprisonment pursuant to his conviction on aggravated kidnapping, and to a concurrent sentence of 20 years' imprisonment pursuant to his conviction on aggravated assault. (DE 6-2 at 20-21, 48-49, 58-59).

Petitioner filed an application for a state writ of habeas corpus. Petitioner alleged there was insufficient evidence to sustain his convictions; that his mother and her friend were not allowed into

the courtroom after they were sworn as witnesses; that a witness testified regarding a prior sexual assault charge which had been dismissed; that his right to a fair trial was violated because neither he nor his witnesses were allowed to testify at his trial; and that his trial counsel's performance was deficient because counsel failed to investigate the extraneous offenses and bad acts listed on the State's notice of intent to introduce these offenses and acts. (DE 6-3 at 64-81).

On September 7, 2016, the Texas Court of Criminal Appeals denied relief without written order. (DE 6-1).

**B. Petitioner's claims for federal habeas relief**

Petitioner asserts he is entitled to relief because:

1. There was insufficient evidence to support his convictions;
2. He was denied his Sixth Amendment rights because his mother and her friend, who were sworn as witnesses, were not allowed in the courtroom;
3. He was denied his right to due process because the State presented evidence related to an extraneous offense that was not prosecuted;
4. He was denied his right to a fair trial because neither he nor his witnesses testified at trial; and
5. His trial counsel's performance was deficient because counsel failed to investigate or challenge the extraneous offenses set forth in the State's notice.

(DE 1 at 13–29).

Respondent contends some of Petitioner's claims were procedurally defaulted in the state courts and that some of Petitioner's claims were waived by his entry of a guilty plea.

In reply to the answer to his petition, Petitioner alleges:

Ortiz's pleas were compelled in a proceeding held in a closed courtroom in which his witnesses were not allowed to attend. Pleas of guilty under such circumstances cannot be deemed freely, voluntarily, and knowingly entered.
\*\*\*
Ortiz's pleas were compelled by the prosecutor's use of false evidence. Pleas of guilty under such circumstances cannot be deemed freely, voluntarily, and knowingly entered.

3

> \*\*\*
> Ortiz's pleas were compelled by the exclusion of his own testimony as well as that of his other proposed witnesses. Pleas of guilty under such circumstances cannot be deemed freely, voluntarily, and knowingly entered.

(DE 7 at 7-8).

> Ortiz disputes the notion his claim of ineffective assistance of counsel was waived by his pleas of guilty. A fair and liberal reading of the pro se state habeas proceedings shows Ortiz adequately alleged prejudice as a result of trial counsel's failure to adequately investigate the extraneous offenses the state intended to offer had the case gone to trial (Doc. 6 # 2 at 31 - 32 and Doc. 6 # 3 at 75). The application before this Court alleges the prejudice Ortiz suffered as a result of trial counsel's dismal performance (Doc. 1 at 27 - 29).

(DE 7 at 11).

> Thus, the relevant prejudice inquiry is whether Ortiz would have entered a plea of not guilty and proceeded to trial had counsel not engaged in the complained of acts of deficient performance. The claims have not been waived and Davis's argument to the contrary is not well founded. This Court should proceed to consider the merits of the claims presented.

(DE 7 at 13).

Petitioner presented the same claims stated in his federal habeas petition to the Texas Court of Criminal Appeals in his application for a state writ of habeas corpus. The Texas Court of Criminal Appeals denied the application without written order, which functions as a denial of relief on the merits, rather than a finding that the claims were procedurally barred. *Bledsue v. Johnson*, 188 F.3d 250, 257 (5th Cir. 1999); *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998). Accordingly, Petitioner exhausted his claims in the state courts and the claims are not procedurally barred.

## A. The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court summarized the basic principles established by the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act in *Harrington v. Richter*, 562 U.S. 86, 97–100 (2011). The Supreme Court noted that the starting point for any federal court reviewing a state conviction is 28 U.S.C. § 2254, which states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court stated that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

Section 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the state court's decision "was contrary to" federal law as clearly established by the holdings of the Supreme Court; (2) when the state court's decision involved an "unreasonable application" of such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100, *citing* 28 U.S.C. § 2254(d), *and Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court on

5

a set of materially indistinguishable facts. *Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Mitchell v. Esparza*, 540 U.S. 12, 10 (2003). Under the unreasonable application clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000)(quotation and citation omitted).

Section 2254(e)(1) requires a federal court to presume state court factual determinations to be correct, although a petitioner can rebut the presumption by clear and convincing evidence. *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). The Supreme Court has "explicitly left open the question whether § 2254(e)(1) applies in every case presenting a challenge under § 2254(d)(2)." *Wood v. Allen*, 558 U.S. 290, 300 (2010). The Fifth Circuit has held that, while section 2254(e)(1)'s clear and convincing standard governs a state court's resolution of "particular factual issues," the unreasonable determination standard of section 2254(d)(2) governs "the state court's decision as a whole." *Blue v. Thaler*, 665 F.3d 647, 654 (5th Cir. 2011).

This standard of review applies to Petitioner's federal habeas claims notwithstanding the fact that the Texas Court of Criminal Appeals' decision denying relief in Petitioner's state habeas action was unexplained. Although the state court did not make explicit findings, that does not mean the court "merely arrived at a legal conclusion" unworthy of the presumption of correctness. *Cantu v. Collins*, 967 F.2d 1006, 1015 (5th Cir. 1992), *citing Marshall v. Lonberger*, 459 U.S. 422, 433-34 (1983). If a state court summarily denies a petitioner's claim, the Court's authority under AEDPA is limited to determining the reasonableness of the ultimate decision. *Charles v. Thaler*, 629 F.3d 494, 498-09 (5th Cir. 2011); *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002). When state

habeas relief is denied without an opinion, the Court must assume that the state court applied the proper "clearly established Federal law," and then determine whether the state court decision was "contrary to" or "an objectively unreasonable application of" that law. *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

### B. Petitioner's claims for federal habeas relief

The Court must initially determine whether Petitioner's guilty pleas were voluntary and knowing, thereby constituting a valid waiver of any precedent, non-jurisdictional constitutional error.

On the morning of the second full day of trial, Petitioner entered a guilty plea to two of the charges against him, pursuant to a written plea agreement. A valid guilty plea bars federal habeas relief on claims arising from the alleged violation of constitutional rights prior to the entry of that plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This includes claims for ineffective assistance of counsel, except those alleging that the ineffectiveness rendered the guilty plea involuntary. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

In an action seeking a federal writ of habeas corpus, whether a guilty plea was voluntary is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d). *Marshall*, 459 U.S. at 431-32 (holding that the voluntariness of a state prisoner's guilty plea is a question of law but that the historical facts underlying the entry of the plea are entitled to presumption of correctness). The well-established federal law with regard to validity of a guilty plea is that set forth in *North Carolina v. Alford*, 400 U.S. 25, 31 (1970): "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." A guilty plea may be challenged only on the grounds that it was made on the defective advice of counsel or that the defendant could not have understood the terms of his plea

7

bargain. *Brady v. United States*, 397 U.S. 742, 755 (1970). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *id.* at 749, and may consider such factors as whether there was evidence of factual guilt. *Matthew v. Johnson*, 201 F.3d 353, 364-65 (5th Cir. 2000).

When a defendant is represented by counsel and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). However, the issue with regard to "competent" counsel is not whether "a court would retrospectively consider counsel's advice [on a particular issue] to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 770-71. Petitioner does not make any specific allegation with regard to counsel's advice as to the plea agreement. Petitioner has not established that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. Conclusory allegations are not sufficient to establish that counsel's performance was deficient or that Petitioner was prejudiced by counsel's allegedly deficient performance. *Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998).

Although court records alone may be insufficient to establish a waiver of fundamental constitutional rights if they are ambiguous, *Williford v. Estelle*, 672 F.2d 552, 554 (5th Cir. 1982), the record in this case does not suffer from ambiguity. Petitioner signed a written statement averring that his plea was knowing and voluntary and that he was satisfied with his counsel's advice and representation. The written guilty plea form signed by Petitioner is prima facie proof of the knowing and intelligent nature of his guilty plea. *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994);

8

*Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986). A defendant's avowal that his plea is freely and voluntarily made, and that he understands the nature of the charges against him and the nature of the constitutional rights he is waiving, creates a presumption that his plea is valid. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *Matthew*, 201 F.3d at 366; *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

### 1. Insufficient evidence

Petitioner presented this same claim in his state application for habeas corpus relief. Although the state courts did not specifically address this claim, the Court of Criminal Appeals has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *West v. Johnson*, 92 F.3d 1385, 1389 n. 18 (5th Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the Court of Criminal Appeals reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts procedurally bars this Court from addressing the merits of Petitioner's sufficiency claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-07 (1991).

### 2. Sixth Amendment right to present witnesses

Petitioner asserts that his constitutional rights were violated because his mother and her friend were sworn as witnesses but then not allowed into the courtroom, citing his right to compulsory process. (DE 1 at 18-19). A guilty plea waives the right to the compulsory attendance

of witnesses. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). Because Petitioner's guilty pleas were knowing and voluntary, the state court's conclusion denying Petitioner's compulsory service claim was not clearly contrary to federal law.

### 3. Evidence of extraneous offenses

Petitioner contends his constitutional rights were violated because "the State presented evidence from the alleged victim of an extraneous offense the State had previously acknowledged it could not prove and moved to dismiss." (DE 1 at 19). Petitioner's guilty plea constituted a waiver of his right to contest the admissibility of any evidence the State might have offered against him. *McMann*, 397 U.S. at 767. Because Petitioner's guilty pleas were knowing and voluntary, the state court's denial of Petitioner's claim that he was denied his right to a fair jury trial was not clearly contrary to federal law.

### 4. Compulsory process

Petitioner contends his right to compulsory process under the Sixth Amendment was denied because "neither he, nor his witnesses, testified at trial." (DE 1 at 19-20). A guilty plea waives the right to the compulsory attendance of witnesses. *Boykin*, 395 U.S. at 244. Petitioner offers no explanation as to how he was prevented from testifying at his trial or why his decision to plead guilty was invalid because he was somehow prohibited from testifying. Because Petitioner's guilty pleas were knowing and voluntary, the state court's conclusion denying Petitioner's compulsory service claim was not clearly contrary to federal law.

### 5. Ineffective assistance of trial counsel

Petitioner argues that his trial counsel's performance was deficient because counsel failed to investigate or challenge the extraneous offenses set forth in the State's notice.

Ineffective assistance of counsel claims in the context of the entry of a guilty plea are governed by the United States Supreme Court's opinion in *Hill v. Lockhart*, which adopted the *Strickland* test. 474 U.S. 52, 57-58 (1985). With regard to the prejudice prong of the *Strickland* test, *Hill* requires that, to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. "To evaluate whether a defendant who has pleaded guilty has been prejudiced by his counsel's deficient performance, i.e., whether he would not have pleaded guilty had his counsel not been deficient, we must evaluate what the outcome of a trial might have been." *del Toro v. Quarterman*, 498 F.3d 486, 490 (5th Cir. 2007). With regard to the application of the *Strickland* test when the defendant pleaded guilty, the Fifth Circuit Court of Appeals has advised that, even "where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is no actual and substantial disadvantage to the defense." *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

Because Petitioner went to trial but accepted a plea offer prior to the case going to the jury, to be entitled to habeas relief Petitioner must establish that, but for his counsel's performance, he would not have entered the plea agreement, but instead would have continued with the trial and allowed a jury to return a verdict. Petitioner has not made such a showing. Petitioner makes only a conclusory allegation that his counsel's performance was deficient because counsel allegedly failed to investigate the single prior conviction and numerous "bad acts" the State included in its "Notice of Intent to Introduce Evidence of Extraneous Crimes, Wrongs, and Bad Acts."[1]

---

[1] The Notice is at DE 6-2 at 33-42.

"An attorney has a duty to independently investigate the charges against his client." *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007) (citation omitted). "To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Petitioner makes only conclusory allegations that any subpoenaed testimony regarding the acts listed in the notice should not have been admitted at trial, which allegations are not sufficient to establish that counsel's performance was deficient or that Petitioner was prejudiced by counsel's performance. *Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). It is entirely plausible that, after a day of testimony from the state's witnesses regarding Petitioner's lengthy history of domestic violence, presumably including Ms. Ortiz' testimony that Petitioner regularly assaulted her throughout their twelve-year marriage (as delineated in the Notice of Intent), Petitioner chose to plead guilty to some of the charges against him in order to avoid a harsh sentence if found guilty on all four of the counts stated in the indictment.

The record does not suggest that Petitioner pleaded guilty involuntarily or for some improperly coercive reason; by entering guilty pleas, Petitioner reduced or eliminated the chance that he would receive an extended sentence or consecutive terms of imprisonment subsequent to being found guilty on four, rather than two of the charges against him, a rational decision. *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) ("to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."); *Uresti v. Lynaugh*, 821 F.2d 1099, 1101-02 (5th Cir. 1987).

Accordingly, the state court's denial of relief on this claim was not contrary to or an unreasonable application of federal law, and Petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

Petitioner raised all of his claims for federal habeas relief in his state application for a writ of habeas corpus, which application was denied without written order. Petitioner waived all non-jurisdictional constitutional claims regarding his state criminal proceedings by entering a knowing and voluntary plea to two of the counts of the indictment. Accordingly, the Texas Court of Criminal Appeals' decision denying relief on the claims presented in Petitioner's federal habeas petition was not contrary to or an unreasonable application of federal law, and Petitioner is not entitled to federal habeas relief these claims.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a

district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

It is therefore **ORDERED** that the Application for Writ of Habeas Corpus [DE 1], docketed by Petitioner on January 17, 2017, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on June 13, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE